**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BRADLEY DEAN MAHINA PAI,<br><br>Defendant - Appellant. | No. 05-10459<br><br>D.C. No. CR-04-00168-SOM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted June 15, 2006
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

Defendant-Appellant Bradley Dean Mahina Pai ("Pai") was convicted of one count of unlawful possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals the district court's strike of his motion to suppress, exclusion

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

of trial witnesses, and imposition of supervised release, a condition of which prohibits the use of controlled substances, including medicinal marijuana. We affirm.

## I. Appeal of Pre-trial Motions

Pai entered a plea after losing two pre-trial rulings: the district court granted the government's motion to strike Pai's motion to suppress evidence obtained in a search and granted the government's in limine motion to exclude testimony as irrelevant to the crime charged.

Federal Rule of Criminal Procedure 11(a)(2) provides that:

> With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.

Pai acknowledges that his plea was unconditional. Because he did not obtain the consent of the court or government to enter a conditional plea, or specify in writing the issues he sought to appeal, he is precluded from appealing the two challenged district court rulings.[1]

---

[1] Pai argues that his plea was not knowing and voluntary. There is nothing in the record, however, to suggest that the nature of the plea was ambiguous, or that Pai was misled into believing that an appeal would be possible. *See United States v. Cortez*, 973 F.2d 764 (9th Cir. 1992); *United States v. Carrasco*, 786 F.2d 1452 (9th Cir. 1986).

## II. Imposition of Supervised Release

Pai argues that supervised release is unnecessary and that the district court's imposition of it was unfair. Pai's argument stems from his desire to use medical marijuana, which is legal in Hawaii to treat debilitating medical conditions, Haw. Rev. Stat. §§ 329-121 to 329-128, but illegal under federal law, *see generally* Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*. A district court's imposition of a particular sentence and the conditions of supervised release imposed are reviewed for an abuse of discretion. *United States v. Johnson*, 998 F.2d 696, 697 (9th Cir. 1993).

While the district court was not required to impose supervised release, 18 U.S.C. § 3583(a), it was not an abuse of discretion to do so. Neither was it an abuse of discretion to impose as a condition of supervised release that Pai be precluded from using controlled substances, including medical marijuana. The district court properly concluded that supervised release was required to "promote respect for the law" and "to afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(A) and (B).

## III.

The judgment is AFFIRMED.

MOAGG IN WATT
i

INTERNAL USE ONLY: Proceedings include all events.
05-10459 USA v. Pai

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Wes R. Porter, Esq.<br>FAX 808/541-2958<br>808/541-2850<br>Ste. 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S.<br>ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
|   v. | |
| BRADLEY DEAN MAHINA PAI<br>    Defendant - Appellant | Stuart N. Fujioka, Esq.<br>FAX 808/521-4221<br>808/524-8833<br>Ste. 224<br>[COR LD NTC cja]<br>NISHIOKA & FUJIOKA<br>841 Bishop St.<br>Honolulu, HI 96813 |