NISHIOKA & FUJIOKA
a Law Corporation

STUART N. FUJIOKA 4223
841 Bishop St. Ste. 224
Honolulu, HI 96813
ph.(808) 524-8833, fax 521-4221
e-mail: stuart@nishiokafujiokalaw.com

Attorney for defendant
BRADLEY DEAN MAHINA PAI©TM
defendant by Bradley Dean Mahina Pai

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| United States of America, plaintiff, v. Bradley Dean Mahina Pai, defendant. | Cr. No. 04-00168 SOM<br><br>18 U.S.C. §922(g)(1)<br><br>BRADLEY DEAN MAHINA PAI©TM defendant by Bradley Dean Mahina Pai's MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE |
|---|---|

<u>BRADLEY DEAN MAHINA PAI©TM defendant by Bradley Dean Mahina Pai's MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE</u>

Defendant, through counsel and in accordance with F.R.Cr.P. Rule 32.1 [c] and 18 U.S.C. §§3553 and 3583, respectfully moves for early termination of his 3-year term of Supervised Release, which began 12/17/05. This motion is supported by the attached memorandum and other evidence to be adduced at hearing.

Dated: Honolulu, Hawaii, May 9, 2007.

_____
Stuart N. Fujioka, attorney
for movant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **United States of America,** plaintiff, v. **Bradley Dean Mahina Pai,** defendant.. | Cr. No. 04-00168 SOM  18 U.S.C. §922(g)(1) |

MEMORANDUM IN SUPPORT OF MOTION

On 6/17/05, defendant was convicted of being a prohibited person in possession of a firearm, a violation of 18 U.S.C. §922(g) and sentenced to jail time served [about 14 months] and other conditions including 3 years supervised release. Since his release from the Federal Detention Center on 6/17/05, he adjusted well in community confinement before residing on his own and securing employment.

1. **Current Status**

He is currently in compliance with his release conditions, reporting regularly to his probation officer. He is gainfully employed as a Union Carpenter Local with 745, currently working for Hawaiian Dredging and Construction mainly at the Ala Moana Shopping Center Retail Expansion site, job no. 10601. Due to recent injuries 3/07 [rotator cuff and tendon repair] and 5/7/07 [back injury from fall] he has been on light duty, but he perseveres.

2.  **Supervision Unnecessary**

Governing law supports early release.

> (e) Modification of Conditions or Revocation. - The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)[c], (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) - (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;...

18 U.S.C. §3583. All relevant considerations favor early termination.

In the context of the subsections of 18 U.S.C. §3553 offered as criteria, defendant should be released from further reporting and compliance.

- <u>18 U.S.C. §3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant</u>

The offense occurred while defendant was living on land under disputed ownership, subject to a longstanding feud between Kanaka Ma'oli and the McCandless family on the island of Hawai'i. He now resides in an apartment in Honolulu and works full-time. There is no reason or opportunity for him to repeat this offense or lapse into any other illegal activity.

While the court was earlier concerned that defendant would resume his use of medical marijuana which remains illegal under federal law, defendant is now subject to work-related drug testing. As a positive finding would result in discipline and

2

possibly termination, he is motivated to remain drug-free even without the structure of Supervised Release.

His transformation from an angry, beach-dwelling gravekeeper to law-abiding taxpayer is nothing short of remarkable. The Court should have every reason to believe that he will continue on this course with or without further supervision.

•<u>18 U.S.C. §3553(a) (2) the need for the sentence imposed (B) to afford adequate deterrence to criminal conduct</u>

Defendant is sufficiently deterred from criminal conduct by his own motivation and the demands and rules imposed on him by his employment. As evidenced by his compliance to date, he has made a choice and commitment to obey the law.

•<u>18 U.S.C. §3553(a) (2) the need for the sentence imposed (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

Supported by prior training and experience, defendant has already secured such vocational training and opportunity to remain gainfully employed. He is also qualified and is a member of the laborer's and drywaller's unions. While his wrist and eyesight were concerns at the time of custody, those conditions have resolved to the point where he can work through the pain to earn a living.

•<u>18 U.S.C. §3553(a)(4) the kinds of sentence and the sentencing range established for...the...offense committed by the... category of defendant as set forth in the guidelines...</u>

Advisory guideline range appears to be 2 to 3 years

3

Supervised Release. By statute defendant is allowed to request termination after one year. There is no legal obstacle to this motion.

- 18 U.S.C. §3553(a)(5) any pertinent policy statement

Defendant is unaware of any pertinent policy statement which prevents early termination in his situation.

motion.

- 18 U.S.C. §3553(a)(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

Early termination for the reasons above-stated would not create any unwarranted disparity.

- 18 U.S.C. §3553(a)(7) the need to provide restitution to any victims of the offense

No restitution was ordered.

3. Conclusion

Due to his remarkable turnaround defendant submits that further supervision is not necessary to help him lead a law-abiding life.

Dated: Honolulu, Hawaii May 9, 2007.

_____
Stuart N. Fujioka, attorney for movant

C:\Doc\Fedcrim\2004\bradpai\m-term-S-R.001.wpd

4